## STATEMENT OF FACTS

1. On August 22, 2025, at approximately 11:00 p.m., members of the Metropolitan Police Department's ("MPD") Fifth District Crime Suppression Team were patrolling the 1400 block of Saratoga Avenue NE, Washington, D.C. 20018, with federal law enforcement officers. MPD Officers Manuel Sibrian, Malik Harleston, and Frederick Onoja were in full uniform and operating a marked police vehicle while patrolling the area.

2. As MPD Officers Sibrian, Harleston, and Onoja were driving westbound in the 1400 block of Saratoga Avenue NE, they observed a group of individuals congregating on the sidewalk in front of 1427 Saratoga Avenue NE. Officers observed one of those individuals, who was later identified by his Maryland driver's license as Antwaine SIMPSON, sitting in a lawn chair holding what officers recognized as a small personal sized wine bottle. Before officers could approach SIMPSON, Officer Sibrian observed SIMPSON place the wine bottle underneath SIMPSON'S chair. Officer Sibrian approached SIMPSON and observed the wine bottle underneath SIMPSON'S chair. The wine bottle appeared to be mostly empty with a small amount of red liquid visible inside of the bottle.

3. Officer Sibrian also observed that SIMPSON was wearing a crossbody satchel. The crossbody satchel was partially unzipped and Officer Sibrian could see what appeared to be a mylar bag inside of the crossbody satchel. Officer Sibrian is aware that mylar bags are frequently used to store marijuana. Officer Sibrian told SIMPSON he could see that SIMPSON'S crossbody bag was slightly open and asked SIMPSON how much weed he had in the bag. SIMPSON responded by lifting his crossbody satchel and squeezing the satchel. Officer Sibrian asked SIMPSON to fold up the bag, at which point SIMPSON further unzipped the crossbody satchel and removed a white mylar bag. Based on Officer

Sibrian's training and experience, the mylar bag appeared large enough to hold more than 2 ounces of marijuana.

4. Officer Sibrian and Officer Harleston then approached SIMPSON and placed SIMPSON in handcuffs. After SIMPSON was handcuffed, Officer Sibrian conducted a protective pat down of SIMPSON and felt a hard object consistent with a firearm in SIMPSON'S pants. Officer Sibrian announced the predetermined codeword for the presence of a firearm and officers recovered a firearm from inside the front waistband of SIMPSON'S pants.



**Figure 1 – The black, 9mm, Springfield Armory Hellcat pistol bearing serial number BA648969 inside of SIMPSON'S waistband.**

5. The firearm officers recovered from SIMSPON'S waistband area was a black, 9mm, Springfield Armory Hellcat pistol bearing serial number BA648969. The firearm was loaded with 1 round in the chamber and 11 rounds in a magazine with a 13-round capacity. The firearm appeared to be fully functional, designed to expel a projectile by means of an explosive action, had a barrel length of less than twelve inches, and had the ability to be fired by the use of a single hand.



**Figure 2 - The black, 9mm, Springfield Armory Hellcat pistol bearing serial number BA648969 that was loaded with 1 round in the chamber and 11 rounds in a magazine with a 13-round capacity.**

6. After officers detained SIMPSON, Officer Sibrian returned to the chair where SIMPSON had been sitting and recovered a small personal sized Sutter Home wine bottle. When Officer Sibrian recovered the bottle he could smell the odor of an alcoholic beverage.



**Figure 3 (left) – Photograph of the wine bottle underneath SIMPSON'S chair.
Figure 4 (right) – Officer Sibrian holding the wine bottle recovered from underneath SIMPSON'S chair.**

7. Officers conducted a search of SIMPSON'S crossbody bag and recovered the following items:

- 1 clear, twisted piece of plastic containing a white rock-like substance with a weight of 5.6 grams, which field-tested positive for cocaine base;

- 1 large "White Trufflez" plastic resealable "Mylar" bag containing a green-leafy substance with a weight of 57.5 grams which field-tested positive for THC;

4

- 1 black in color digital scale with green-leafy residue;

- 4 empty "Pink Marshmallow" plastic resealable "Mylar" bags containing green-leafy residue;

- 2 large black in color empty plastic resealable "Mylar" bags containing green-leafy residue;

- 13 clear sandwich bags containing green-leafy residue; and

- 1 multi color grinder containing green-leafy residue.

8. Officers also recovered ten dollars in U.S. currency from SIMPSONS'S right pants pocket.



**Figure 5 (left): White mylar bag recovered from SIMPSON'S crossbody satchel.
Figure 6 (right): Interior of white mylar bag recovered from SIMPSON'S crossbody satchel containing green leafy substance.**



**Figure 7 – Photograph of SIMPSON'S crossbody satchel, items recovered from the crossbody satchel, and currency recovered from SIMPSON'S right pants pocket.**

9. Officers determined that SIMPSON had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. SIMPSON was previously convicted in 2021 of Assault with Significant Bodily Injury in D.C. Superior Court Case Number 2021 CMD 000704 and sentenced to 24 months incarceration. SIMPSON was also previously convicted in 2009 of Possession of a Firearm after a Felony Conviction and Carrying a Handgun in the Circuit Court for Prince George's County Case Number CT081741X. On the charge of Possession of a Firearm after a Felony Conviction, SIMPSON was sentenced to 5 years incarceration, with 1,285 days suspended. On the charge of Carrying a Handgun, SIMPSON was sentenced to 3 years incarceration, with 555 days suspended. Accordingly, SIMPSON would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was found in possession of the firearm and ammunition.

10. Your affiant is aware that no firearms or ammunition are manufactured within the District of Columbia. Therefore, the recovered firearm and ammunition traveled in and affected interstate commerce.

11. As such, your affiant submits that probable cause exists to charge Antwain SIMPSON with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition.

_____
Special Agent Bridgett Soares
Federal Bureau of Investigation

Respectfully submitted and attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone on August 24, 2025.

United States Magistrate Judge

7