AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 25-mj-168 |
| Antwaine Darrell Simpson ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

☑ History of violence or use of weapons
❐ History of alcohol or substance abuse
❐ Lack of stable employment
❐ Lack of stable residence
❐ Lack of financially responsible sureties
❐ Lack of significant community or family ties to this district
❐ Significant family or other ties outside the United States
❐ Lack of legal status in the United States
❐ Subject to removal or deportation after serving any period of incarceration
❐ Prior failure to appear in court as ordered
❐ Prior attempt(s) to evade law enforcement
❐ Use of alias(es) or false documents
❐ Background information unknown or unverified
❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See addendum.

Nature and circumstances of offense:

See addendum.

The strength of the government's evidence:

See addendum.

The defendant's history and characteristics, including criminal history:

See addendum.

The defendant's dangerousness/risk of flight:

See addendum.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 08/29/2025

G. Michael Harvey

United States Magistrate Judge

# U.S. v. Simpson, 25-mj-168—Detention Order Addendum

**PROCEDURAL HISTORY**

Defendant Antwain Simpson was charged by complaint on August 24, 2025, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1). At the detention hearing on August 27, 2025, the government argued for Defendant's detention, while Defendant argued for his release. At the conclusion of the detention hearing, the Court granted the government's motion, finding that consideration of the four Bail Reform Act factors militate in favor of Defendant's pretrial detention. This memorandum memorializes the ruling the Court delivered in open court on August 27, 2025.

**DEFENDANT'S ARGUMENT FOR RELEASE**

Defendant requested that the Court release him on conditions to include, if the Court found it appropriate, home incarceration with a third-party custodian under the Pretrial Services Agency's High Intensity Supervision Program. Defendant acknowledged his criminal history, which began more than a quarter century ago, but argued that he should be judged on his recent conduct—specifically the fact that his most recent term of supervision (for a 2021 conviction for Assault with Significant Bodily Injury) terminated successfully about a-year-and-a-half ago, he is employed, and he has a stable home with his partner and children. Defendant also challenged the government's evidence, asserting that the search that recovered the firearm from his person as well as significant amounts of marijuana and cocaine base—which occurred when law enforcement observed Defendant socializing on the sidewalk while sitting in a lawn chair and drinking from an individual-sized bottle of wine—was unconstitutional and would likely result in the suppression of any evidence found during the search. He also noted that, although a gun was recovered, Defendant did not brandish or use the weapon.

**NATURE AND CIRCUMSTANCES OF OFFENSE**

This factor weighs in favor of detention. According to the government's proffer, officers on patrol observed Defendant socializing and sitting on a lawn chair drinking what appeared to be an alcoholic beverage and then placing the bottle under the chair. As they approached, one of the officers observed a mylar bag of a type frequently used to store marijuana in a partially unzipped crossbody satchel Defendant was wearing. Ultimately, after Defendant removed the mylar bag from the satchel when the officer asked how much marijuana was in it, Defendant was handcuffed and patted down. Law enforcement recovered from the front waistband of Defendant's pants a 9mm Springfield Armory Hellcat pistol with one round in the chamber and 11 rounds in the magazine, which had a 13-round capacity. From Defendant's satchel, they recovered 5.6 ounces of a white rock-like substance that field-tested positive for cocaine base; 57.5 grams of a green leafy substance that field-tested positive for THC; several empty bags containing green, leafy residue; a digital scale with green, leafy residue; and a grinder with green, leafy residue. Officers also discovered that Defendant had previously been convicted of at least one felony.

Defendant faces a serious charge that carries with it a significant period of incarceration if convicted—up to 15 years in prison. *See, e.g.*, *United States v. Blackson*, No. 23-cr-25, 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023) ("This is a serious crime, for which defendant is facing a term of imprisonment, if convicted, of 'not more than 15 years[.]'" (quoting 18 U.S.C. 924(a)(8)), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023); *United States v. Hardy*, No. 20-cr-273, 2021 WL 706547, at *2 (D.D.C. Feb. 23, 2021) (similar).

The Court recognizes that Defendant did not use the firearm and apparently cooperated with law enforcement. Nonetheless, the Court finds the nature and circumstances of the offense—a felon in possession of a loaded firearm while out in public in a busy neighborhood—indicate that Defendant would be a danger to the community on pretrial release. Judges of this Court have consistently recognized the inherent dangerousness of carrying a loaded firearm in public, irrespective of whether the defendant has used the firearm. *See Blackson*, 2023 WL 1778194, at *7– (finding that illegal possession of a loaded, concealed firearm "with easy, quick access in the front waistband of defendant's pants, while out in public, poses an inherent risk of danger to the community" and that the absence of evidence that a gun was used "does little to detract from" that danger); *United States v. Gassaway*, No. 21-cr-550, 2021 WL 4206616, at *3 (D.D.C. Sep. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *United States v. Howard*, No. 20-mj-181, 2020 WL 5642288, at *3 (D.D.C. Sep. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

In making this determination, the Court may also consider uncharged conduct. *See, e.g.*, *United States v. Cruz-Hernandez*, 422 F. Supp. 3d 157, 161 (D.D.C. 2019). Here, Defendant possessed, in addition to the loaded gun, distribution-level amounts of cocaine base and marijuana along with paraphernalia consistent with distribution. Numerous courts—including the Supreme Court—have recognized that "drugs and guns are a dangerous combination." *United States v. Brown*, 538 F. Supp. 3d 154, 169 (D.D.C. 2021) (quoting *Smith v. United States*, 508 U.S. 223, 240 (1993)).

In sum, Defendant was carrying drugs, drug paraphernalia, and a loaded gun on a public sidewalk surrounded by people. That is unquestionably dangerous conduct. Accordingly, this factor weighs heavily in favor of pretrial detention.

**STRENGTH OF THE GOVERNMENT'S EVIDENCE**

This factor also weighs in favor of detention. The firearm was found on Defendant's person, the drugs in the satchel he was carrying. This is strong evidence that he illegally possessed the firearm and the drugs (although, as noted above, he has not been charged with an offense related to the drugs). The Court acknowledges Defendant's concerns about the legality of the search; however, this is not the proper proceeding in which to litigate that issue. *See United States v. Williams*, 967 F. Supp. 2d 357, 359 n.2 (D.D.C. 2013) (refusing to consider the defendant's arguments about the legality of search when analyzing the strength of the government's evidence in connection with a motion for pretrial detention).

Accordingly, this factor weighs in favor of pretrial detention.

**DEFENDANT'S HISTORY AND CHARACTERISTICS**

The Court recognizes Defendant's connections to the community, including that he has a family with young children, an apparently stable home life, and gainful employment. However, Defendant's criminal history offsets these positive characteristics.

Defendant has a lengthy criminal history dating back to 1998, which includes a felony conviction for Unlawful Taking of a Motor Vehicle in 1999, felony convictions for Carrying a Dangerous Weapon—Gun, and Possession of a Firearm after a Felony Conviction in 2007, and, most recently, a felony conviction for Assault with Significant Bodily Injury in 2021. The conduct underlying that last conviction is particularly concerning because it is violent: Defendant punched another individual, breaking their jaw and requiring hospitalization. Courts have recognized that the danger to the community of a felon in possession of a gun is heightened where the defendant has a history of violence. *See, e.g.*, *Gassaway*, 2021 WL 4206616, at *5 ("[W]here [the defendant's] most recent criminal history includes a violent offense involving the use of a firearm, the Court is even more concerned that [his] inability to comply with the law would pose a danger to the community if he was released."); *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) ("[C]arrying a loaded firearm—especially if the carrier has a violent history, including a conviction for armed robbery—has the great potential to escalate into violence.").

Defendant also has a spotty history of compliance with conditions of supervised release. According to the government's proffer, a 2002 conviction for Possession with Intent to Distribute Cocaine resulted in a fully suspended sentence and 2 years of supervised probation; however, that probation was repeatedly revoked, resulting in a 2004 sentence of three years' incarceration and five years' supervised release. That term of supervised release was also revoked when Defendant failed to comply with its conditions and Defendant was sentenced in 2007 to 8 months in jail followed by 52 months of supervised release. And *that* term of supervised release was revoked in 2012 when Defendant was sentenced to 10 months in prison and 36 months of supervised release. Defendant finally completed serving the sentence related to his 2002 conviction in 2015.

Thus, Defendant has a history of violence, gun and drug possession, and non-compliance with conditions of release. This history does not suggest to the Court that, if released, Defendant would refrain from illegal activity, including again possessing a loaded firearm in public. Accordingly, this factor weighs in favor of detention.

**DEFENDANT'S DANGEROUSNESS/RISK OF FLIGHT**

This factor also weighs in favor of detention. For the reasons already stated, including the government's allegations and Defendant's criminal history, it is clear to the Court that Defendant represents a danger to the community because of his criminal conduct involving violence, firearms, and drugs, as well as his demonstrated difficulty abiding by court-imposed release conditions.

**CONCLUSION**

The Court concludes that the government has demonstrated by clear and convincing evidence that Defendant's release would pose a danger to the community that no combination of release conditions could reasonably mitigate.

Defendant is ordered detained pending trial in this matter